**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES J. PATERNOSTRO | § | |
| | § | |
| V. | § | No. 4:15CV71-RC-CMC |
| | § | |
| JOE L. CUSTER, ET AL. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On February 16, 2016, the United States Magistrate Judge issued a Report and Recommendation [Doc. #49], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, for Failure to State a Claim, and for Insufficient Service of Process be granted and that Plaintiff's claims against Defendants be dismissed with prejudice.

**BACKGROUND**

This case involves the summary removal of an unpermitted dock and boathouse off of Lake Texoma on February 4, 2013 by the United States Army Corps of Engineers ("Corps"). On January 30, 2016, Charles J. Paternostro ("Plaintiff"), an attorney representing himself, filed this takings case against four Corps employees: (1) Lake Texoma Manager Joe L. Custer; (2) District Engineer of the Tulsa District Colonel Michael Teague; (3) Division Engineer for the Southwestern Division Brigadier General Thomas Kula; and (4) Retired Deputy Chief of Engineers Major General Meredith W. B. (Bo) Temple (collectively "Defendants"). Plaintiff alleges the taking of his dock and boathouse was without just compensation, and he seeks

damages under the Fifth Amendment of the U.S. Constitution. Plaintiff also claims a violation of the Fourteenth Amendment, asserting his property was taken without due process and without his having had his "day in court or exercising his right to a trial by jury of his peers." (Doc. No. 1 at 4, ¶11). Plaintiff also asserts malicious prosecution against Defendant Custer. *Id.* at ¶¶ 37-40.

Defendants moved to dismiss Plaintiff's case for lack of subject matter jurisdiction, for failure to state a claim, and for insufficient service of process. In their motion, Defendants raised four arguments, two of which relate to Plaintiff's takings claim and two of which relate to Plaintiff's malicious prosecution claim against Custer. Regarding the takings claim, Defendants first asserted Plaintiff has an adequate remedy to pursue the claim in the Court of Federal Claims against the government itself, making this individual-capacity "*Bivens*" suit against Corps employees inappropriate. Defendants further submitted Plaintiff has failed to state a constitutional takings claim, and if so, any claim is time-barred.

Regarding the malicious prosecution claim against Custer, Defendants asserted it is not a valid claim and is time-barred. Defendants further argued Plaintiff's common-law claim for malicious prosecution against Custer — which is really a claim against the United States — is barred by sovereign immunity.

## THE REPORT AND RECOMMENDATION

In her 26-page Report and Recommendation, the Magistrate Judge provided approximately nine pages of factual background before considering the various ways a federal takings claim may be filed. As stated by the learned Magistrate Judge, there is no question Plaintiff brought his takings claim against the individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The Magistrate Judge concluded no *Bivens* claim is available and recommended that Plaintiff's

*Bivens* claims against Defendants be dismissed with prejudice. However, to the extent any claims asserted by Plaintiff would fall within the Tucker Act, the Magistrate Judge noted they should have been filed in the United States Court of Federal Claims ("Federal Claims Court") and recommended those claims be dismissed without prejudice.

The Magistrate Judge then considered Plaintiff's request that he be allowed to amend, in lieu of outright dismissal, in the event the Court finds his complaint cannot be maintained as a *Bivens* cause of action. The Magistrate Judge concluded that even without invoking *Bivens*, Plaintiff's takings claim under the Fifth Amendment fails because the facts alleged in Plaintiff's complaint, taken as true, do not establish a taking as a matter of law.[1]

Specifically, the Magistrate Judge noted Plaintiff does not allege in his complaint that the removal of his boathouse and dock was for public use. However, according to the Magistrate Judge, even if the complaint's well-pled facts did give rise to a plausible inference that the alleged "taking" of Plaintiff's property was for "public use," that inference alone would not entitle Plaintiff to relief, especially considering Defendants' assertion that Plaintiff does not have a legitimate claim of entitlement to the permit for the removed boathouse and dock. (Doc. No. 49 at 18-19). The Magistrate Judge further noted Custer was the only defendant alleged to have been involved with the physical removal of the boathouse and dock; thus, any takings claim against defendants Teague, Kula, and Temple should be dismissed for the additional reason that Plaintiff had not alleged facts showing they were personally involving with any "taking."

---

[1] In a footnote, the Magistrate Judge noted Plaintiff also alleges a violation of his Constitutional rights under the Fourteenth Amendment. (Doc. No. 1 at 4, ¶ 11). Because the Fourteenth Amendment, by definition, requires state action, and Plaintiff alleges actions taken by federal actors, not state ones, the Magistrate Judge recommended any claims based on the Fourteenth Amendment be dismissed.

Finally, the Magistrate Judge held Plaintiff's complaint, which fails to allege facts stating a plausible claim of an objectively unreasonable violation of clearly established law, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) based on qualified immunity. According to the Magistrate Judge, Plaintiff has not met his burden of establishing Defendants violated his clearly established constitutional rights. Stated another way, the Magistrate Judge found the allegations supporting Plaintiff's takings claim under the Fifth Amendment are insufficient to overcome Defendants' entitlement to qualified immunity. The Magistrate Judge further concluded amendment would be futile, as Plaintiff could not present a better case.

Regarding the malicious prosecution claim against Custer, arising out of Plaintiff's receipt of two notices requiring him to appear before Judge Bush for misdemeanor violations related to his non-compliant boat dock, the Magistrate Judge first pointed out the trial before Judge Bush and Judge Bush's June 12, 2012 order finding Plaintiff not guilty both occurred more than two years before Plaintiff filed this lawsuit on January 30, 2015. In his response to the motion to dismiss, Plaintiff did not contest that a *Bivens* malicious prosecution claim is barred by the two-year statute of limitations. Nor did he contest he has failed to state a constitutional malicious prosecution claim as a matter of law.

Rather, Plaintiff attempted to assert a common law claim of malicious prosecution against Custer. The Magistrate Judge found Plaintiff fails to state a plausible Fourth Amendment claim against Custer as a matter of law; thus, any "common law civil tort" claim of malicious prosecution would fail even if it was not barred by limitations. Specifically, the Magistrate Judge stated Plaintiff does not allege he was restrained in his liberty other than being summoned and having to appear in court. Having failed to allege any other deprivation of liberty in

connection with his receipt of the summons, the Magistrate Judge concluded Plaintiff failed to allege he was seized in violation of the Fourth Amendment.

Even if Plaintiff had a *Bivens* malicious prosecution claim, the Magistrate Judge stated she would still need to address the additional and distinct question of whether Custer is entitled to qualified immunity. According to the Magistrate Judge, under the facts of this case, Plaintiff cannot meet the first prong of the qualified immunity analysis (violation of a clearly established constitutional right). Relying in part on *Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003), the Magistrate Judge held Plaintiff cannot show that in March of 2012, when the citations were issued, it was clearly established that the issuance of a notice to appear in court, alone, constituted a seizure of constitutional significance.

Having recommended all of Plaintiff's claims be dismissed, the Magistrate Judge did not address Defendants' argument that Plaintiff did not serve process correctly.

## **OBJECTIONS**

On March 8, 2016, Plaintiff filed an Answer and Response to the Report and Recommendation, which the Court construes as objections. (Doc. No. 53). After reiterating his allegations, Plaintiff agrees the general rule is an individual has no legal right to a permit issued by the government. *Id*. at 7. However, Plaintiff asserts the effect of the denial of the permit and "grandfather" status for the boathouse and dock was "a loss of an overall economic value of the owner's house and land use which can be claimed to be a taking of private property without just compensation." *Id*. at 7-8. Plaintiff states he is justified in claiming a value of $100,000 property loss caused by Lake Manager Custer. *Id*. at 8.

According to Plaintiff, the removed property need not actually be used by the public; rather, it must be used or disposed of in such a manner as to benefit the public welfare or public interest. *Id.* at 9. Plaintiff asserts the public use requirement only "requires that the government rationally could have believed that its act would carry out the public purpose," and the Corps removed his dock and boathouse to eliminate some perceived public harm or danger. *Id*. at 11-13.

Plaintiff contends the Corps used two federal regulations for the benefit of the public's health and safety, resulting in a "regulatory taking." *Id*. According to Plaintiff, when the government does not provide compensation to the property owner for the fair market value of the property, there is a taking subject to Fifth Amendment protections. *Id*. at 11-12. Plaintiff also relies on the affidavits he submitted from his friends stating that while the boathouse needed repair, it was safe. Plaintiff states defendant Custer was aware the boathouse could be repaired, but he forced Plaintiff off of the lake anyway, further evidencing "the intentional knowing malicious conduct of Joe Custer." *Id*. at 13-14. Finally, Plaintiff states he paid two welders $500 to repair the substructure beneath the dock and boathouse (and he spent another $75 to paint the repaired areas), and the Corps' removal of the repaired structure amounted to a wrongful taking. *Id.* at 14.

Plaintiff does not specifically object to any of the Magistrate Judge's findings and conclusions. According to Defendants, Plaintiff appears to "find no fault with them, conceding on page 15 of his objections that he 'cannot pursue' *Bivens* claims against the individual defendants he chose to sue in this case." (Doc. No. 54 at 1) (*quoting* Doc. No. 53 at 15). Instead, Plaintiff now seeks leave to amend to state a takings claim directly against the federal government under the Tucker Act. (Doc. No. 53 at 15). According to Plaintiff, this amended

6

complaint would be against the government, and he "will be eliminating all money claims against the individual Defendants. . . ." *Id.*

## *DE NOVO* REVIEW

Throughout the briefing on the motion to dismiss, Plaintiff made it abundantly clear he seeks to hold Defendants liable for money damages in their individual capacities for alleged constitutional violations pursuant to *Bivens*.[2] In his response to Defendants' motion to dismiss, Plaintiff explicitly stated the "Tucker Act" was researched, but it excludes suits in which a claim is based on a tort by the government. (Doc. No. 33 at 2). Plaintiff indicated he chose not to file his takings claim under the Tucker Act or the Federal Tort Claims Act ("FTCA").[3] Having done the research, Plaintiff did not want to be limited to only a claim for compensatory fair market damages as would be the case if he had filed a claim against the government under the Tucker Act for the removal of his boathouse and dock (Doc. No. 37 at 2).

Thus, the question before the Magistrate Judge was whether Plaintiff's *Bivens* takings claim against Defendants in their individual capacities was inappropriate in light of the Tucker Act. In *Bivens*, the Supreme Court asserted its general remedial powers to imply a private cause

---

[2] Plaintiff states he wanted the four defendants to be individually accountable in tort for their "intentional and malicious personal actions committed against [Plaintiff] personally," and Plaintiff asserts the only way to bring such individual actions was through a *Bivens* cause of action showing "how each Corps member committed a separate action in tort against the Plaintiff." (Doc. No. 33 at 2). According to Plaintiff, filing under the Tucker Act "limited Plaintiff's full recovery for his damages and did not make the rightful parties accountable for the damages they intentionally and maliciously committed." *Id.*

[3] According to Plaintiff, the FTCA is less effective than a *Bivens* action as a deterrent to unconstitutional acts because punitive damages and a trial by jury are available in a *Bivens* suit. (Doc. No. 39 at 6). Therefore, Plaintiff chose to file a *Bivens* cause of action against each of the four defendants individually in tort rather than against the government under the FTCA. (Doc. No. 37 at 2).

7

of action for damages against federal employees who violate a plaintiff's constitutional rights while acting under color of federal law. *Wilkie v. Robinson*, 551 U.S. 537, 549-50 (2007). However, as noted by the Magistrate Judge, a *Bivens* remedy is not available for every alleged constitutional violation by a federal employee. To imply a *Bivens* remedy, the court must first decide "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id*. at 550.

In their motion to dismiss, Defendants argued the Court lacked subject matter jurisdiction over Plaintiff's *Bivens* case against them in their individual capacities. According to Defendants, the Court cannot imply a *Bivens* remedy for Plaintiff's takings claim because Plaintiff has an express cause of action for such a claim under the Tucker Act.[4] *See Reunion, Inc. v. F.A.A.*, 719 F.Supp.2d 700, 710 (S.D. Miss. 2010) ("Numerous cases have recognized that a plaintiff does not have an implied cause of action under *Bivens* for a Fifth Amendment takings claim because there is an express cause of action for such a claim under the Tucker Act."). The court in *Reunion* noted the Tucker Act, in coordination with the Fifth Amendment, provided an express remedy for a plaintiff's takings claim against a defendant federal officer; thus, courts have not implied a cause of action for such claims under *Bivens*. *Id.* at 710 (citing *Anoushiravani v. Fishel*, 2004 WL 1630240, *8-9 (D.Or. July 19, 2004)). The *Reunion* court dismissed the plaintiff's putative *Bivens* claim.

---

[4] The Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a), vests concurrent jurisdiction in the Federal Claims Court and the federal district court over any "claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1346 (a)(2). If the claim exceeds $10,000, the Tucker Act grants exclusive jurisdiction to the Federal Claims Court. 28 U.S.C. § 1491(a)(1).

Persuaded by the reasoning of the *Reunion* court, the court in *Estate of Redd v. Love*, 2012 WL 2120446, *7 (D.Utah June 11,2012)(unreported) dismissed the plaintiffs' takings claim against two individual defendants on the same grounds, without prejudice to the refiling of a Tucker Act claim in the Court of Federal Claims. Similarly, the Magistrate Judge would not imply a damages remedy under *Bivens* with respect to Plaintiff's takings claim under the Fifth Amendment, finding an alternative remedy exists under the Tucker Act. She recommended Plaintiff's *Bivens* claims against Defendants be dismissed with prejudice, but to the extent any claims asserted by Plaintiff could fall within the Tucker Act, the Magistrate Judge recommended any such claims be dismissed without prejudice to refiling in the Federal Claims Court (rather than transferred pursuant to 28 U.S.C. § 1631).[5]

The Magistrate Judge correctly found -- and Plaintiff has not objected to the finding – that under the Tucker Act, 28 U.S.C. § 1491(a)(1), any claims seeking over $10,000 in damages against the government for just compensation for public takings are required to be filed in the Federal Claims Court. (Doc. No. 49 at 12). *See Estate of Redd v. Love*, 2012 WL 2120446, *7 (D.Utah June 11, 2012) (unreported). Nor has Plaintiff objected to the Magistrate Judge's finding that he is bringing a *Bivens* claim against the four defendants in their individual capacities, and no *Bivens* claim is available to Plaintiff because of the Tucker Act. As noted by Defendants,

---

[5] Jurisdiction is vested exclusively in the Federal Claims Court even if the United States is not named as a party if "any monetary judgment recovered" against a named federal agency or federal officials "would expend itself on the public treasury." *Amoco Prod. Co. v. Hodel*, 815 F.2d 352, 359 (5th Cir. 1987). As noted by the Magistrate Judge, Plaintiff has not asserted any claims against the United States through the Corps of Engineers. (Doc. No. 49 at 17 n. 7). Nor has Plaintiff sued Defendants in their official capacities as employees of the Corps. Rather, Plaintiff has sued Defendants in tort in their individual capacities. As this case cannot be characterized as an action primarily seeking monetary relief in excess of $10,000 from the United States, the Court does not construe this action to be one against the United States for purposes of the Tucker Act. Thus, no portion of this case as currently pled remains for transfer to the Federal Claims Court.

Plaintiff concedes he "cannot pursue" *Bivens* claims against the individual defendants he chose to sue in this case. (Doc. No. 53 at 15).

In his objections to the Report and Recommendation, Plaintiff states for the first time that he wants to amend to eliminate his *Bivens* claim against the individual Defendants and instead assert a Tucker Act takings claim against the government. He only does this because of the findings contained in the Report and Recommendation. As pointed out by Defendants, Plaintiff has never filed a motion for leave to amend his original complaint, nor has he presented the Court with a copy of any proposed amendment as required by Local Rule CV-7(k).

Even if Plaintiff had properly sought leave to amend, the Court, in its discretion, would deny any such motion because the Court would not have jurisdiction over any amended claim for damages in excess of $10,000 (here, Plaintiff seeks $100,000) based on the government's alleged taking of his boathouse and dock. As noted above, that claim would fall within the exclusive jurisdiction of the Federal Claims Court. *See* 28 U.S.C. § 1491 (1988).

In *United States v. Foresome Entm't Co.*, 318 F.Supp.2d 548 (N.D. Ohio 2002), a landowner "briefly mentioned" in response to the government's motion for summary judgment a "Fifth Amendment takings" argument. The court found the argument was not substantively relevant or procedurally appropriate because it did not speak to the issue before the court, namely what an easement granted the government as it related to the structures at issue. *Id.* at 562, n.2. According to the court, "if [the landowner] somehow believes that a viable takings claim will arise from the forced removal of the structures here, such a claim can[not] . . . even be presented to this Court; it must, instead, be brought before the U.S. Court of Federal Claims." *Id.* Here, any amendment would be futile as such a claim cannot even be presented to this Court. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the

law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause."[6] *TXCAT v. Phoenix Group Metals, LLC*, 2010 WL 5186824, *6 (S.D. Tex. Dec. 14, 2010)(unreported) (internal quotations and citations omitted).

## **CONCLUSION**

The Court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. The Magistrate Judge correctly recommended Plaintiff's *Bivens* claim brought against the four individual defendants Custer, Teague, Kula, and Temple and the malicious prosecution claim against Custer (whether brought as a common-law tort claim or under a *Bivens* theory) be dismissed with prejudice. Plaintiff has not objected to these findings.

And, as urged by Defendants, the Magistrate Judge correctly recommended that any constitutional takings claim that could be asserted against the United States should be dismissed without prejudice. As such, Plaintiff is not precluded from filing his constitutional takings claim

---

[6] In *TXCAT,* the district court granted a defendant's motion to dismiss based on the plaintiff's lack of standing. The plaintiff sought to cure the standing defect by filing a motion for leave to file an amended complaint. The district court agreed with the defendants that if the plaintiff lacked standing, "the Court is not able to allow [plaintiff] to amend its complaint and to substitute a plaintiff with standing to create subject matter jurisdiction since the Court would have had no jurisdiction before the proposed amendment." *Id.* at *3. As the district court recognized, "a plaintiff may not create jurisdiction by amendment where none currently exists." *Id*.

Although it is not entirely clear, there is case law indicating the Court does not have subject matter jurisdiction over Plaintiff's *Bivens* claims against Defendants. *Compare Perez v. FBI*, 71 F.3d 513, 515 (5th Cir. 1995) (finding the district court lacked subject matter jurisdiction to consider *Bivens* claims under the First and Fifth Amendments because Title VII was the exclusive remedy for such claims) *with Zuspann v. Brown*, 60 F.3d 1156, 1160-61 (5th Cir. 1995) (Rule 12(b)(6) dismissal proper where *Bivens* remedy should not be implied). Either way, it is clear the Court would lack subject matter jurisdiction over any Tucker Act claim raised by Plaintiff in an amendment.

against the United States, which seeks over $10,000 in damages, in the United States Court of Federal Claims. After careful consideration, the Court concludes Plaintiff's objections are without merit and are, therefore, overruled. It is therefore

**ORDERED** the Report and Recommendation of United States Magistrate Judge [Doc. No. 49] is adopted. It is further

**ORDERED** that Defendants Joe L. Custer, Colonel Michael Teague, Brigadier General Thomas Kula, and Major General Meredith W.B. Temple's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, for Failure to State a Claim, and for Insufficient Service of Process (Doc. No. 25) is **GRANTED**. It is further

**ORDERED** Plaintiff's above-entitled and numbered *Bivens* cause of action is **DISMISSED WITH PREJUDICE.** However, any constitutional takings claim that could be asserted against the United States is dismissed without prejudice to filing in the Court of Federal Claims, but with no inference that this court is of the opinion that any such claim would be timely or meritorious.

So **ORDERED** and **SIGNED** this **17** day of **March, 2016.**

_____
Ron Clark, United States District Judge

12